UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIRST MAGNUS FINANCIAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TYSON RONDEAU and JANE DOE RONDEAU, Husband and Wife, et al.,<br><br>Defendants. | 2:07-CV-132- JCM (PAL)<br><br>Date:   N/A<br>Time:   N/A |

**ORDER**

Presently before the court are the motions to dismiss, or for summary judgment, filed by defendants Lawyers Title of Nevada and Commonwealth Land Title Insurance Company (collectively "escrow defendants) (doc. #313) and defendant Ace Appraisals Corporation (doc. #317). Plaintiff First Magnus Financial Corporation has filed a consolidated response (doc. #332) to which the moving defendants have replied (docs. #333 and 334).

Both motions move the court to dismiss the second amended complaint, or alternatively grant summary judgment, arguing that the causes of action are barred by the economic loss doctrine.

**I.   Background**

First Magnus was engaged in the business of extending mortgage loans throughout the United States. It initiated this action against certain borrowers that allegedly defrauded First Magnus by making false representations on loan applications. First Magnus further alleges that the escrow

**James C. Mahan**
**U.S. District Judge**

defendants were negligent and breached their fiduciary duties by failing to strictly comply with the terms of the closing instructions and/or failing to communicate their knowledge of all material facts acquired during the course of their agency. Additionally, defendant Ace Appraisals is allegedly liable for negligently appraising the subject properties and not complying with the Uniform Standards of Professional Appraisal Practice.

Counts I and II in the second amended complaint charge defendant Ace Appraisals with negligence and negligent misrepresentation, respectively. Counts III and IV charge the escrow defendants with negligence and breach of fiduciary duty, respectively.

**II.     Legal Standard**

   *A.     Motion to Dismiss*

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

   *B.     Summary Judgment*

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if

1  the non-moving party fails to make a showing sufficient to establish the existence of an element
2  which is essential to the non-moving party's case and upon which the non-moving party will bear the
3  burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving
4  party fails to make such a showing on any essential element, "there can be no 'genuine issue of
5  material fact,' since a complete failure of proof concerning an essential element of the nonmoving
6  party's case necessarily renders all other facts immaterial." *Id.* at 323.

7  Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary
8  judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome
9  of the litigation. A "genuine" issue is established by "sufficient evidence supporting the claimed
10 factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at
11 trial." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Service*
12 *Co. Inc.*, 391 U.S. 253, 289 (1968)). The Ninth Circuit is in accord. *See, e.g., British Motor Car*
13 *Distrib. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371 (9th Cir. 1989).

14 **III.   Discussion**

15 The judicially created economic loss doctrine, which emanates from products liability
16 jurisprudence, "'marks the fundamental boundary between contract law, which is designed to enforce
17 the expectancy interests of the parties, and tot law, which imposes a duty of reasonable care and
18 thereby [generally] encourages citizens to avoid causing physical harm to others.'" *Calloway v. City*
19 *of Reno*, 116 Nev. 250, 256-57 (2000) superseded by statute, as stated in *Olson v. Richard*, 120 Nev.
20 240, 241-44 (2004) (quoting Sidney R. Barret, Jr. Recovery of Economic Loss in Tort for
21 Construction Defects: A Critical Analysis, 40 S.C. L.Rev. 891, 894-95 (1989)).

22 The economic loss doctrine bars a plaintiff from recovering "purely economic losses" as
23 result of an unintentional tort. *Terracon Consultants Western, Inc. v. Mandalay Resort Group*, 125
24 Nev. 66, 73 (2009) (citing *Local Joint Exec. Bd. v. Stern*, 98 Nev. 409, 4111 (1982). Thus, the
25 economic loss doctrine prevents a plaintiff from asserting contract claims "cloaked in the language
26 of a tort." *Giles v. General Motors*, 494 F.3d 865, 872 (9th Cir. 2007). The economic loss doctrine
27 further bars breach of fiduciary duty claims premised on a contractual relationship. *See G.K. Las*
28

James C. Mahan
U.S. District Judge

- 3 -

1  *Vegas Limited P'Ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1222, 1242 (D. Nev. 2006).

2  The second amended complaint establishes that First Magnus's relationship with the escrow
3  defendants, as well as Ace Appraisals, is contractual in nature. *See* SAC ¶ 37-39, 45 (stating that
4  First Magnus "hired" the defendants). The second amended complaint makes clear that First
5  Magnus seeks to recover "purely economic losses," as it does not allege any personal injuries or
6  property damage. Accordingly, the economic loss doctrine applies to bar plaintiffs claims against
7  these defendants.

8  First Magnus attempts to distinguish the cases applying the economic loss doctrine, arguing
9  that none of them apply to bar suits against escrow companies. First Magnus contends that because
10 courts recognize exceptions to the economic loss doctrine where professional negligence suits are
11 brought against attorneys, accountants, real estate professionals, and insurance brokers, this court
12 should similarly recognize an exception as to escrow companies. This court is unpersuaded.

13 First Magnus has failed to cite any case paralleling the role of an escrow agent to that of an
14 attorney or other excepted professional. Furthermore, First Magnus's policy arguments regarding
15 the similarity between the defendants in this case and the categories excepted professionals are too
16 thin to enable this court to create a carve-out to the economic loss doctrine.

17 Because the economic loss doctrine bars the relief First Magnus seeks, summary judgment
18 in favor of the escrow defendants and Ace Appraisals is appropriate.

19 Accordingly,

20 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants Lawyers Title
21 of Nevada and Commonwealth Land Title Insurance Company motion to dismiss, or for summary
22 judgment, (doc. #313) be, and the same hereby is, GRANTED.

23 IT IS FURTHER ORDERED that defendant Ace Appraisals Corporation's motion to
24 dismiss, or for summary judgment, (doc. #317) be, and the same hereby is, GRANTED.

25 DATED this 24th day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -