UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIRST MAGNUS FINANCIAL CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>TYSON RONDEAU and JANE DOE RONDEAU, Husband and Wife, et al.,<br><br>        Defendants. | 2:07-CV-132- JCM (PAL) |

**ORDER**

Presently before the court is defendant Ace Appraisal's motion for attorneys' fees and costs. Doc. #341. Defendants Lawyers Title of Nevada, Inc. and Commonwealth Land Title Insurance Company have joined in the motion (doc. #341) and plaintiff Morris C. Aaron, trustee for First Magnus Liquidating Trust (real party in interest for First Magnus Financial Corporation) has filed an opposition (doc. #351).

The defendants prevailed in a motion to dismiss and now seek to recovery attorneys' fees pursuant to NRS § 18.010(2). The statute provides:

> In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
>
> (a)     When the prevailing party has not recovered more than $20,000; or
>
> (b)     Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing

**James C. Mahan**
**U.S. District Judge**

> party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

In diversity cases, such as this case, federal courts apply the applicable state law with regard to the allowance of disallowance of fees. *See Schulz v. Lamb*, 591 F.2d 168, 173 (9th Cir. 1978).

Defendants argue that plaintiff's negligent misrepresentation claims were brought "without reasonable ground" because the court found that the claims were barred by the economic loss doctrine. Mot. at 4:26-28. While defendants are correct that they ultimately prevailed in dismissing the complaint on economic loss grounds, this does not necessarily mean the complaint was itself frivolous.

To support a discretionary award of attorneys' fees pursuant to NRS § 18.010(2), "'there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party.'" *Semenza v. Caughlin Crafted Homes*, 111 Nev. 1089, 1095 (1995 (quoting *Chodhry v. NLVH, Inc.*, 109 Nev. 478, 486 (1993)). Further, where the relevant law is "not free from doubt" a court abuses its discretion by awarding discretionary fees under NRS § 18.010(2). *See Key Bank v. Donnels*, 106 Nev. 49, 53 (1990).

Here, defendants have proffered no evidence or argument tending to indicate that the negligent misrepresentation claims were brought without reasonable ground. Rather, they include only a single, conclusory sentence stating as much. Contrary to defendants' position, it seems more likely that *they*, and not plaintiff, have violated the standard set forth in NRS § 18.010(2).

Moreover, the court does not find the law "free from doubt" regarding whether plaintiff's claims are barred by the economic loss doctrine. The court has ruled on the issue and this court's dismissal order is currently pending before the Ninth Circuit.

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendants' motion for attorneys' fees (doc. #341) be, and the same hereby is, DENIED.

DATED August 9, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -