# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FIRST MAGNUS FINANCIAL CORPORATION,

    Plaintiff,

v.

TYSON RONDEAU and JANE DOE RONDEAU, Husband and Wife, et al.,

    Defendants.

2:07-CV-132- JCM (PAL)

**ORDER**

Presently before the court is plaintiff's motion for default judgment. (Doc. # 387). Plaintiff seeks an order entering default against defendants Cara Maria Gudelis, Rudolf Straat, Paul Hill, Sr., Michael Mullins, Dwayne R. Smith, Timothy Engen, Options Are Us, Inc., Panther Investments, Fat Cat Real Estate, LLC, Nutex Construction, Inc., Kelsey, LLC, and Stoddard & Associates.

Plaintiff has filed summons returned executed with the court. (Doc. ## 24, 25, 69, 70, 71, 72, 74, 79, 80, 82, 133, 135). None of these defendants have filed an answer to the complaint, and the deadline to do so has passed. Plaintiff filed a motion for entry of clerk's default, and the clerk of the court entered default against these defendants. (Doc. ## 383, 384).

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . ." Fed.R.Civ.P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter

**James C. Mahan**
**U.S. District Judge**

1  a default judgment after the party seeking default applies to the clerk of the court as required by
2  subsection (a) of this rule." Fed.R.Civ.P. 55(b)(2).

3        Obtaining a default judgment entails two steps: "first, the party seeking a default judgment
4  must file a motion for entry of default with the clerk of a district court by demonstrating that the
5  opposing party has failed to answer or otherwise respond to the complaint, and, second, once the
6  clerk has entered a default, the moving party may then seek entry of a default judgment against the
7  defaulting party." *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).
8  Where a party has not been properly served, there is not basis for a court to enter default judgment.
9  *See Fairly v. Potter*, 2003 WL 402261, *4 (N.D. Cal. 2003).

10        The choice whether to enter a default judgment lies within the discretion of the trial court.
11  *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant a
12  default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782
13  F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2)
14  the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5)
15  the possibility of a dispute concerning material facts, (6) whether default was due to excusable
16  neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the
17  factual allegations of the complaint, except those relating to the amount of damages, will be taken
18  as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed.R.Civ.P. 8(d).

19        Plaintiff has properly complied with Rule 55.  None of the aforementioned defendants have
20  appeared and answered, even though each defendant has been served.  The deadline date for filing
21  an answer has expired.  After considering the *Eitel* factors, the court finds it appropriate to enter
22  default judgment against these defendants.

23  . . .
24  . . .
25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for default
3  judgment (doc. # 387) be, and the same hereby is, GRANTED.  Plaintiff shall prepare and submit
4  an appropriate judgment.

5  DATED February 18, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -